IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOANN BOOKER,                          :
                                       :
      Plaintiff,                       :
                                       :
vs.                                    :
                                       :     CIVIL ACTION 15-0005-CG-M
CAROLYN W. COLVIN,                     :
Social Security Commissioner,          :
                                       :
      Defendant.                       :

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff
seeks judicial review of an adverse social security ruling
denying a claim for Supplemental Security Income (hereinafter
*SSI*) (Docs. 1, 14).  The action was referred for report and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(B),
Fed.R.Civ.P. 72, and S.D.Ala. Gen.L.R. 72.  Oral argument was
heard on October 26, 2015.  After considering the administrative
record, the memoranda of the parties, and oral argument, it is
recommended that the decision of the Commissioner be affirmed
and that this action be dismissed.

This Court is not free to reweigh the evidence or
substitute its judgment for that of the Secretary of Health and
Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th
Cir. 1983), which must be supported by substantial evidence.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-one years old, had some college education (Tr. 42), and had previous work experience as a casual waitress (Tr. 66). Plaintiff alleges disability due to osteoarthritis of the cervical and lumbar spine, type II diabetes mellitus, possible mixed connective tissue disease, and depressive disorder, not otherwise specified (Doc. 14 Fact Sheet).

The Plaintiff applied for SSI benefits on October 28, 2011, alleging a disability onset date of October 15, 2009 (Tr. 22; *see also* Tr. 140-45).  An Administrative Law Judge (ALJ) denied benefits, determining that although she could not do her previous work, there were light work jobs that Booker could perform (Tr. 22-31).  Plaintiff requested review of the hearing decision (Tr. 15-17), but the Appeals Council denied it (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Booker alleges the single claim that the Appeals Council failed to properly

consider newly-submitted evidence (Doc. 14).  Defendant has responded to—and denies—this claim (Doc. 18).  The relevant evidence of record follows.

On September 13, 2010, Psychologist Jack C. Carney examined Booker for depression and lack of energy; he noted no obvious difficulties with fine or gross motor skills (Tr. 202-05).  He found no signs of confusion, loose associations, tangential, or circumstantial thinking; there were no signs or reports of delusions.  Plaintiff's judgment was poor; she had little insight into her self and condition.  The Psychologist's diagnosis was depression, alcohol and cannabis abuse, and malingering; Carney reported that Booker was a questionable informant and, on four separate occasions, that she did not appear to be putting forth her best effort.

On October 2, Dr. Elmo Ozment, Jr. examined Plaintiff for complaints of back pain, elbow pops, finger cramps, and aching all over; her pain was eight on a ten-point scale (Tr. 207-11). Booker was taking Amitriptyline[1] and Naprosyn.[2]  The Doctor noted normal gait and station; Plaintiff could squat without difficulty, forward flex her back and almost touch the floor,

---

[1]**Error! Main Document Only.***Amitriptyline*, marketed as *Elavil*, is used to treat the symptoms of depression.  *Physician's Desk Reference* 3163 (52nd ed. 1998).

[2]**Error! Main Document Only.***Naprosyn*, or *Naproxyn*, "is a nonsteroidal anti-inflammatory drug with analgesic and antipyretic properties" used, *inter alia*, for the relief of mild to moderate pain. *Physician's Desk Reference* 2458 (52nd ed. 1998).

and could tandem walk and walk on her toes and heels.  Booker
had mild pain on straight leg raising; she had full motor
strength in all extremities, with normal bulk and tone, and good
bilateral grip strength.  Ozment noted possible mild
osteoarthritis of the fingers, but that it would not affect her
grasp or use of her hands.  The Doctor noted that "her pain was
out of proportion to the physical findings" (Tr. 208).

On April 14, 2011, Psychologist Jennifer Adams examined
Booker for depression, noting that she was a questionable
informant (Tr. 212-14).  Plaintiff was dysphoric, crying
throughout the session; there were no signs of loose
associations, tangential or circumstantial thinking, or
confusion.  Judgment and insight were poor; Adams thought Booker
was of at least low average intelligence, but she could not
really say because of her poor examination performance.[3]  The
Psychologist's impression was Depressive disorder, NOS, and
malingering.

On May 14, Dr. Ozment saw Plaintiff for pain in her right
arm, both knees, and her hands, at a level nine, for the
previous four months (Tr. 216-19).  Straight leg raising was
negative.  Booker was a little tender over both knees without

---

[3]Noting that she had "put very little effort into the
examination," Adams stated Booker's "presentation today was so
dramatic that it calls into question the validity of her statements"
(Tr. 214).

4

swelling or crepitus; she was tender over both elbows, without
nodules or swelling, with full range of motion (hereinafter
*ROM*).  Plaintiff had full ROM in her shoulders though there
might have been a little pain on the right.  Ozment noted normal
motor strength in all extremities and good bilateral grip
strength.

On April 15, 2011, records from the Franklin Primary Health
Center show Booker complained of arthralgias, a cough, and
diarrhea (Tr. 237-38; *see generally* Tr. 227-38).[4]  She was
diagnosed to have bronchitis and was prescribed Flexeril[5] and
Ultram[6] for her pain.  On June 20, Plaintiff said she had pain in
her joints at level nine; Lortab[7] was prescribed (Tr. 235-36).
On July 29, Lortab and Amitriptyline were prescribed (Tr. 233-
34).  On August 31, Booker claimed that she had had an allergic
reaction to her blood pressure medication (Tr. 231-32).  On
October 4, Plaintiff complained of nodules to her fingers and
that her hypertension medication caused her to swell and be

---

[4]The Court notes these handwritten records are, to a large
degree, indecipherable.
[5]***Error! Main Document Only.****Flexeril* is used along with "rest and
physical therapy for relief of muscle spasm associated with acute,
painful musculoskeletal conditions."  *Physician's Desk Reference* 1455-
57 (48th ed. 1994).
[6]***Error! Main Document Only.****Ultram* is an analgesic "indicated for
the management of moderate to moderately severe pain."  *Physician's
Desk Reference* 2218 (54th ed. 2000).
[7]***Error! Main Document Only.****Lortab* is a semisynthetic narcotic
analgesic used for "the relief of moderate to moderately severe pain."
*Physician's Desk Reference* 2926-27 (52nd ed. 1998).

dizzy; Lortab was prescribed (Tr. 229-30).  On November 3, Booker said that her pain from arthralgia was ten and that it kept her from sleeping (Tr. 227-28).

On December 16, 2011, Psychologist Lucille Williams examined Plaintiff, finding no obvious gross or fine motor impairments; she was using a non-physician-ordered cane (Tr. 248-49).  Affect was normal and appropriate; she seemed mildly depressed.  Thought processes were grossly intact with no loose associations, tangential, or circumstantial thinking; insight and judgment were fair.  Plaintiff's estimated intelligence was low average.  Though Williams stated that Booker was motivated, for the most part, to do her best during the exam, she noted that she refused to do some cognitive tests and "did not appear to put forth any genuine effort on the tasks of digit span forward, digit span backward, or word recall" (Tr. 249).  The Psychologist's impression was dysthymic disorder.

On February 1, 2012, Dr. Michael Madden, Family Practitioner, examined Booker, finding that her ROM throughout her body was normal; the only exception was in her shoulders for which the Doctor noted poor effort (Tr. 255-55, 263).  On February 20, Madden found Plaintiff in no acute distress with some tenderness in the neck, right shoulder, and lumbar back; she had 5/5 grip strength bilaterally (Tr. 251-53).  Booker had normal gait and no need for a cane.  The Doctor's impression was

that Booker's "ability to do work-related activities such as sitting, standing, walking, carrying, handling objects, hearing, speaking and traveling appears to be adequate for normal duty. She appears to have a somewhat decreased capacity for lifting heavy objects secondary to her shoulder pain" (Tr. 252).

On April 10, 2012, Dr. James Lawrence, with Franklin Primary Health Center, noted positive ANA lab results; he prescribed medication and ordered lab work (Tr. 258-62).  On May 1, the Doctor determined that Booker had mixed connective tissue disease and muscle weakness; he prescribed Hydrocodone[8] (Tr. 257).  On June 22, Plaintiff was seen at Franklin after having been in a car accident two weeks earlier; Booker had been to a chiropractor and gotten some relief, but still had lower back and neck pain radiating into the right shoulder (Tr. 283-84). Flexeril was prescribed.

On August 18, Booker went to the Infirmary West Hospital Emergency Department after slipping and falling three days earlier, causing injury to her head, neck, and back (Tr. 285-300).  There was no evidence of trauma, but the impression was that she had suffered a concussion.  A CT brain scan was normal; x-rays of the dorsal, lumbar, and cervical spine showed no acute bony injury though the latter demonstrated degenerative changes.

---

[8]**Error! Main Document Only.**_Hydrocodone_ is used "for the relief of moderate to moderately severe pain."  _Physician's Desk Reference_ 2926-27 (52nd ed. 1998).

Plaintiff was given Flexeril and Lortab.

On August 20, 2012, Booker was examined at Franklin for complaints of back and shoulder pain and to get her prescriptions refilled; Lortab and Soma[9] were prescribed (Tr. 281-282). Three months later, Plaintiff was noted to have normal ROM, muscle strength, and stability in all extremities with no pain; Ambien[10] and Mobic[11] were added to her daily prescriptions (Tr. 278-80). On December 5, Booker was again noted to have full ROM in all extremities with no pain; she was diagnosed to have uncontrolled Diabetes Mellitus, Type 2, for which she was prescribed medication (Tr. 272-75). On February 20, 2013, lumbar tenderness was noted in the lumbar spine with moderate pain on motion (Tr. 267-70).

In his decision, the ALJ summarized the medical evidence and determined that she had the residual functional capacity to perform less than a full range of light work (Tr. 22-31). The ALJ found that Plaintiff's testimony of pain and limitation was not credible—a finding not challenged in this Court. Finally,

---

[9]**Error! Main Document Only.***Soma* is a muscle relaxer used "for the relief of discomfort associated with acute, painful musculoskeletal conditions," the effects of which last four-to-six hours. *Physician's Desk Reference* 2968 (52nd ed. 1998).

[10]*Ambien***Error! Main Document Only.** is a class four narcotic used for the short-term treatment of insomnia. *Physician's Desk Reference* 2799 (62nd ed. 2008).

[11]**Error! Main Document Only.***Mobic* is a nonsteroidal anti-inflammatory drug used for the relief of signs and symptoms of osteoarthritis and rheumatoid arthritis. *Physician's Desk Reference* 855-57 (62nd ed. 2008).

the ALJ determined that Booker could not return to her previous work, but was capable of performing specific light-work jobs. The Court notes that Plaintiff challenges no aspect of the ALJ's decision (*see* Doc. 14).

This concludes the Court's review of the evidence considered by the ALJ.

In bringing this action, Plaintiff claims that the Appeals Council did not properly consider newly-submitted evidence (Doc. 14). The Court notes that a disability claimant can present new evidence at any stage of the administrative proceedings. 20 C.F.R. ¶¶ 404.900(b) and 416.1400(b) (2015); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If the evidence is first presented to the Appeals Council, the Council considers it only if it relates "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b). If it is relevant to the period under consideration, an examination is then made as to whether the claimant has "establish[ed] that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). If the Appeals Council determines that

9

the evidence provides no basis for changing the ALJ's decision,
no further explanation is required.  *Mitchell v. Commissioner*,
771 F.3d 780, 783-85 (11th Cir. 2014).

On July 1, 2013, Dr. Michael Sforzini completed a
questionnaire indicating that Booker was being treated by
another provider for hypertension, diabetes, degeneration of
intervertebral disc, osteoarthritis, insomnia and pain (Tr.
301).  Plaintiff experienced right knee and back pain, weakness,
and fatigue; Sforzini indicated that physical activity would
greatly increase Booker's symptoms and cause her to be
distracted from—or abandon—the activity in which she was
engaged.  The Doctor indicated that she needed pain management
with medication therapy.  Sforzini went on to indicate that
Plaintiff could not engage in any form of gainful employment on
a repetitive, competitive, and productive basis over an eight-
hour work day, forty hours a week, without missing more than two
days of work per month or experiencing frequent interruption to
her work routine because of her medical problems; he went on to
qualify this finding by saying that her abilities—or
limitations—"may be more or less depending on [the] level of
severity" (Tr. 301).

The Court notes Dr. Sforzini's statement was completed on
July 1, 2013, four days before the ALJ's determination was
entered (Tr. 301; *cf.* Tr. 31).  The Appeals Council denied

review of the hearing decision, finding that the new evidence would not change the ALJ's decision (Tr. 1-5).

The new evidence reasonably suggests that Sforzini never examined Booker and that he reached his conclusions based on the medical records of his employer (Tr. 301; *see also* Tr. 200-01). The Court finds that the submitted opinions bear no relation to the medical evidence considered by the ALJ and are at odds with the records previously submitted by Franklin Primary Health Center relied on as the source for Dr. Sforzini's opinions. Finally, the Court finds substantial support for the Appeals Council's determination that the new evidence provided no basis for changing the ALJ's decision.  Plaintiff's claim is wholly without merit.

Booker has raised a single, meritless claim in bringing this action.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Carolyn W. Colvin and against Plaintiff Joann Booker.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

11

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 30th day of October, 2015.

                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE